**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Chicago Premium Outlets, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2018-cv-06116 |
| | ) | |
| Beretta U.S.A. Corp. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Beretta U.S.A. Corp. (herein "Defendant"), by its attorneys Regas, Frezados & Dallas LLP, for its Answer to the Verified Complaint (herein "Complaint") filed by Chicago Premium Outlets, LLC, states as follows:

1.      Plaintiff, CHICAGO PREMIUM OUTLETS, LLC ("Plaintiff" or "Landlord"), is a Delaware limited liability company.

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant, BERETTA U.S.A. CORP. ("Defendant" or "Tenant"), is a Maryland corporation with an office located at 17601 Beretta Drive, Accokeek, MD 20607.

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      At all times relevant hereto, Landlord was and still remains the owner and operator of a shopping center known as Chicago Premium Outlets ("Center") with its premises situated at 1650 Premium Outlet Blvd., Kane County, Aurora, Illinois 60502.

**ANSWER:**     Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

1

4.     On February 15, 2016, Tenant executed a Lease (the "'Lease") with Landlord for the following described premises: 1650 Premium Outlet Blvd., Unit #0983, Aurora, Illinois 60502 (the "Premises"). (A true and correct copy of the Lease is attached hereto as **Exhibit A**, Article I, Section 1.01 (F)).

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.     On or around June 8, 2017, Tenant and Landlord executed an Exterior Signage Agreement, permitting Tenant to place an additional exterior sign on the Center. (A true and correct copy of the Exterior Signage Agreement is attached hereto as **Exhibit B**, Recitals, Par. 2 and Agreement, Par. A).

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.     Tenant was to use the Premises for the retail sale of men's and women's clothing bearing the "Beretta" label, under the Beretta trade name. (Ex. A. Article I, Section 1.01 (P, V)).

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

7.     Under the relevant terms of the Lease, for the first Lease Year, Tenant is obligated to pay Fixed Rent of $58.00 per square foot ($185,600 per annum based on 3,200 sq. ft.), which was due in advance on the first day of each month. (Ex. A, Article I, Section l.01 (F-G) and Article III, Section 3.01). The Fixed Rent increases annually by the greater of a) three percent (3%) each lease year over the previous year's annual amount, b) the annual increase of the Price Index as defined, or c) 80% of the Fixed Rent and Percentage Rent paid for the prior Lease Year. (Id.). Tenant agreed to pay the Fixed Rent and all Additional Rent without notice or demand. (Id., Article III, Paragraph 3.01).

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

8.     Under the relevant terms of the Lease, Tenant is obligated to pay Percentage Rent in an amount equal to a rate of ten percent (10%) multiplied by the cumulative Gross Sales for Lease Year in question in excess over the Breakpoint amount as set forth

in Section 1.01 (B). (Id., Article I, Section 1.01 (B, O) and, Article III, Section 3.02). The Percentage Rent is due on the tenth (10th) day of the month commencing with the month during such Lease Year that Tenant's cumulative Gross Sales exceeds the Breakpoint. (Id. Article III, Section 3.02).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

9. Pursuant to the relevant terms of the Lease, Tenant is obligated to pay an operating cost charge (or CAM charge), as Additional Rent, related to common area maintenance in equal monthly installments due on the first day of each month. (Id., Article I, Section 1.01 (M) and Article III, Section 3.04). Tenant is obligated to pay $14.33 per square foot per annum for Calendar Year 2016, and subject to a 5% increase on each January 1st thereafter from the prior year's operating cost charge. (Id.).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

10. Pursuant to the relevant terms of the Lease, Tenant is obligated to pay an advertising fee (promotional fund charge), as Additional Rent, at a rate of $4.00 per square foot per annum, in equal monthly installments due on the first day of each month. (Id., Article I, Section 1.01(A) and Article III, Section 3.05). The advertising fee increases annually by three percent (3%) each Calendar Year on January 1st over the previous year's annual amount. (Id.).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

11. Under the relevant terms of the Lease, Tenant is obligated to pay its proportionate share of all calendar or fiscal year real estate taxes to Landlord in monthly installments on the first day of each month based upon then current estimates of taxes due, to be trued up on actual amounts. (Id., Article I, Section 1.02(N) and Article III, Section 3.03).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached

to Plaintiff's Complaint as Exhibit A.

12. Under the relevant terms of the Lease, Tenant is obligated to pay a late fee of the greater of a) $50.00 or b) 1.5%, of the amount of rents unpaid for each month the rents remained past due. (Id., Article III, Section 3.06).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 12 of

Plaintiff's Complaint to the extent that they are inconsistent with the document attached

to Plaintiff's Complaint as Exhibit A.

13. The Lease provides that a) failure by Tenant to pay any Rent or other amount when due, b) failure by Tenant to perform or observe any other terms, provisions, conditions and covenants of the Lease for more than (10) days after written notice of such failure, and/or c) if Tenant abandons or vacates or does not do business in the Premises, shall be considered in default and breach of the Lease by Tenant. (Id., Article XIII, Section 13.01 (a, b and f)).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 13 of

Plaintiff's Complaint to the extent that they are inconsistent with the document attached

to Plaintiff's Complaint as Exhibit A.

14. In or around March 26, 2018, Tenant closed its business, vacated the Premises and returned the keys to Landlord, in violation of Sections 1.01 (x) and 6.02 of the Lease. (Id., Article I, Section 1.01 (x); Article VI, Section 6.02).

**ANSWER:** Defendant admits that on or around March 26, 2018, Tenant

vacated the Premises and returned the keys to Plaintiff. The allegation that Defendant's

actions were in violation of Sections 1.01 (x) and 6.02 of the Lease are legal conclusions

to which no response is required. Defendant denies the remaining allegations set forth in

Paragraph 14 of Plaintiff's Complaint.

15. On July 24, 2018, Plaintiff served upon Tenant a notice of default and demand for payment, as required under Illinois law, via overnight delivery. (True and correct copies of the notice and receipt for proof of service of the notice are attached hereto as **Exhibit C**).

**ANSWER:** Defendant admits the allegations set forth in Paragraph 15 of

4

Plaintiff's Complaint.

16.  Upon Tenant's breach of the Lease, including Tenant's failure to remain open and operate its business and vacating the Premises, Landlord is entitled to recover the differential of all sums due for the outstanding term of the Lease and the then present rental value for such period. (Ex. A, Article XIII, Section 13.02).

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A and Illinois law.

17.  The Lease has an expiration date of April 30, 2026.

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

18.  Tenant agreed to reimburse Landlord for such expenses Landlord may incur, including court costs, attorneys' fees, and disbursements, in enforcing the performance of any obligation of Tenant under the Lease. Further, Tenant is to pay to Landlord all expenses Landlord incurs in connection with recovery of the Premises, in reletting the Premises, in alterations and repairs of the Premises to put the Premises in good order to relet and in bringing this lawsuit, including attorneys' fees, costs and expenses. (Id.; and Article XV, Section 15.15).

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint to the extent that they are inconsistent with the document attached to Plaintiff's Complaint as Exhibit A.

19.  The Lease is a valid and enforceable contract between the parties to this litigation.

**ANSWER:**  The allegations set forth in Paragraph 19 of Plaintiff's Complaint are a legal conclusion to which no response is required.

20.  Landlord has fully performed all of its duties and obligations under the terms of the Lease.

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 20 of

5

Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), Defendant states that, pursuant to 735 ILCS ¶ 5/9-213.1, Plaintiff has an affirmative obligation to take reasonable measures to mitigate the damages that it may have, Plaintiff bears the burden of proving of that it has taken reasonable measures to mitigate any damages that Plaintiff may have, Plaintiff has not alleged that it has taken reasonable measures to mitigate any damages that it may have, and Plaintiff has not taken reasonable measures to mitigate any damages that it may have.

### COUNT I - BREACH OF CONTRACT- BERETTA U.S.A. CORP.

21. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

**ANSWER:** Defendant restates its answers to Paragraph 1 through Paragraph 20 of Plaintiff's Complaint as its answer to this Paragraph 21 of Plaintiff's Complaint as though fully set forth herein.

22. Tenant has breached its obligations and is in default under the Lease by failing to remain open for business and for abandoning, vacating and failing to do business in the Premises.

**ANSWER:** The allegations set forth in Paragraph 22 of Plaintiff's Complaint consist of legal conclusions to which no response is required.

23. The failure of Tenant to remain open for business and Tenant's abandoning, vacating and failure to do business in the Premises are wrongful and in breach of the Lease.

**ANSWER:** The allegations set forth in Paragraph 23 of Plaintiff's Complaint consist of legal conclusions to which no response is required.

24. As a result of Tenant's breach and default of the Lease, Tenant owes Landlord $2,274,862.21, which includes the Present Value of Future Rents recoverable under Section 13.02 of the Lease as of July 23, 2018, as calculated by Plaintiff pursuant to the terms of Section 13.02. (See updated July 23, 2018 NPV Results spreadsheet attached hereto as **Exhibit D**).

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.  Further, pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), Defendant states that, pursuant to 735 ILCS ¶ 5/9-213.1, Plaintiff has an affirmative obligation to take reasonable measures to mitigate the damages that it may have, Plaintiff bears the burden of proving of that it has taken reasonable measures to mitigate any damages that Plaintiff may have, Plaintiff has not alleged that it has taken reasonable measures to mitigate any damages that it may have, and Plaintiff has not taken reasonable measures to mitigate any damages that it may have.

25.  Landlord has suffered, and continues to suffer, damages based on Tenant's breach, including but not limited to rents, interest, costs, expenses, and attorney's fees.

**ANSWER:**  Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff on Count I of Plaintiff's Complaint and grant such further or other relief as this Court deems just and equitable.

Regas, Frezados & Dallas LLP

By: /s Steven M. Dallas
     Attorneys for Defendant


William D. Dallas (Atty No. 6186780)
wdd@rfd-law.com
Steven M. Dallas  (Atty No. 6303138)
stevend@rfd-law.com
Regas, Frezados & Dallas LLP
20 N. Clark St., Suite 1103
Chicago, IL 60602
(312) 236-4400

## <u>CERTIFICATE OF SERVICE</u>

To:    Nicholas R. Lykins
       Michael J. Linneman
       Johnson & Bell, Ltd.
       33 W. Monroe St., Suite 2700
       Chicago, IL 60603
       lykinsn@jbltd.com
       linnemanm@jbltd.com

      The undersigned certifies that on September 24, 2018, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois the forgoing Defendant's Answer to Plaintiff's Complaint using the Court's ECF system, which automatically results in the transmission, by e-mail to all parties in this action who have registered to use the ECF in the Northern District of Illinois, of a notice of electronic filing that constitutes service, pursuant to the general order issued by this Court and the Federal Rules of Civil Procedure, and that I served the foregoing Defendant's Answer to Plaintiff's Complaint upon the parties listed above at the email addresses indicated by email transmission on September 24, 2018.

[✓]    Under penalty of perjury, I certify
        that the statements set forth
        forth herein are true and correct.   <u>/s Steven M. Dallas          </u>
                                                      Signature